UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCILKI ROSS,

    Plaintiff,

v.

JOSEPH LONGO,
NICHOLAS GJELAJ,
TOYZAN,
DANIEL CHRIST,
CITY OF FERNDALE, and
FERNDALE POLICE
DEPARTMENT,

    Defendants.
_____/

Case No. 4:25-cv-10667
District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE (ECF No. 10) and DEFAULT-RELATED MOTIONS (ECF Nos. 12, 13)

**A.   Background**

Marcilki Ross ("Plaintiff") has filed a fee-paid civil rights case against six defendants: (1) Judge Joseph Longo; (2) Officer Nicholas Gjelaj; (3) Sergeant Toyzan; (4) Prosecutor Daniel Christ; (5) the City of Ferndale; and, (6) the Ferndale Police Department. (ECF No. 1, ¶¶ 4-8.) Attached to his five-page complaint are more than 80 pages of exhibits. (*Id*., PageID.7-95 [Exhibits A-Q].)

The Clerk of the Court issued summonses on March 10, 2025. (ECF No. 2.) On March 20, 2025, Plaintiff filed proofs of service by certified mail on March 17,

2025.  (ECF No. 6.)  Thus, Defendants' answer was due on April 7, 2025.  Fed. R. Civ. P. 12(a)(1)(A)(i).

Judge Kumar has referred this case to me for pretrial matters.  (ECF No. 5.)

**B.     Pending Dispositive Motion**

On April 7, 2025, Defendants filed a motion to dismiss, raising multiple bases for dismissal, including the *Heck* Doctrine, absolute immunity, qualified immunity, Fed. R. Civ. P. 8, damages sought, and insufficient service under Fed. R. Civ. P. 12(b)(5).  (ECF No. 7, PageID.136-149.)  Defendants filed their motion at 9:28 p.m.  Thus, it makes sense that Plaintiff was served the following day – i.e., on April 8, 2025 – via U.S. First Class Mail and email.  (ECF No. 9; *see also* ECF No. 16.)[1]

Plaintiff's response is due on May 12, 2025.  (ECF No. 8.)  The Court awaits Plaintiff's response to Defendants' motion to dismiss (ECF No. 7) and, at some point after the briefing on this motion has concluded, the Undesigned will enter a report and recommendation for Judge Kumar's review.

---

[1] On April 8, 2025, Plaintiff filed a "notice regarding informal communication from defense counsel" (ECF No. 11); however, the attached email clearly notes that it is defense counsel's attempt to comply with E.D. Mich. LR 7.1 (*id.*, PageID.167, 169).  Thus, it makes sense that, if the email was sent on March 7, 2025 at 11:17 a.m., the motion to dismiss – which was filed on April 7, 2025 at 9:28 p.m. (ECF No. 7) – had not yet "been filed by Defendants on the court record . . . [,]" (*id.*, PageID.165 ¶ 1).

2

### C. Plaintiff's Motion to Strike

On April 8, 2025, Plaintiff filed a "motion to strike Defendants' response and objection to improper service and misstyling of Plaintiff's name." (ECF No. 10.) Presumably, the "response" to which Plaintiff refers is Defendants' motion to dismiss (ECF No. 7).

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). To the extent Plaintiff asks the Court to strike Defendants' motion "due to improper service and lack of timely notice[,]" (ECF No. 10, PageID.164 ¶ A), *i.e.*, he "did not consent to electronic . . . service . . . [,]" (*id.*, PageID.163 ¶ 1), Defendants served Plaintiff via U.S. First Class Mail and email (*see* ECF No. 9; *see also* ECF No. 16). To the extent Plaintiff asks the Court to "[e]nter default or take such action as is just for failure to properly respond within the rules[,]" (*id.*, PageID.164 ¶ B), the timeliness of Plaintiff's receipt of the motion to dismiss (*id.*, PageID.163 ¶ 2) will be addressed below when opining on Plaintiff's default-related motions (*see* ECF Nos. 12, 13). Finally, to the extent Plaintiff asks the Court to "[o]rder that all references to the Plaintiff's name in the future fillings [sic] conform to proper legal style, *i.e.*, 'Marcilki Ross'[,]" (*id.*, PageID.164 ¶ C), Defendants do not "misidentify the Plaintiff by using the stylized name

3

'MARCILKI ROSS' in all capital letters[,]" (*id.*, PageID.163 ¶ 3); all capital letters are frequently used in legal filings, and such use does not mean the Court believes Plaintiff is a corporate or legal fiction.

Accordingly, Plaintiff's motion to strike (ECF No. 10) is **DENIED**.

**D.     Plaintiff's Default-Related Motions**

On April 8, 2025, Plaintiff filed three default-related matters, *i.e.*, a motion for entry of default due to failure to serve response (ECF No. 12), a motion for default judgment (ECF No. 13), and a request for Clerk's entry of default (ECF No. 14).

**1.     Fed. R. Civ. P. 55 ("Default; Default Judgment")**

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Thereafter, when plaintiff's claim is not for a sum certain or sum that can be made certain by computation, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000).  In *Vongrabe v. Sprint PCS*, 312 F.Supp.2d 1313, 1318 (S.D. Cal. 2004), the court explained:

> The section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment.

*See also Ramada Franchise Sys. Inc. v. Baroda Enters., LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) ("Entry of a default ... is a prerequisite to entry of a default judgment under Rule 55(b).").

### 2. Plaintiff's Fed. R. Civ. P. 55(a) motion for entry of default (ECF No. 12)

In Plaintiff' April 8, 2025 motion for entry of default due to failure to serve response (ECF No. 12), Plaintiff contends he was not served in accordance with Fed. R. Civ. P. 5(b)(2) (*see* ECF No. 12, PageID.170 ¶¶ 3, 4), and he "requests entry of default for failure to respond as required[,]" because "no proper service of a response occurred by deadline[.]" (*Id*., PageID.170 ¶¶ 3, 4, 5.) Plaintiff asks the Court to "[e]nter default against Defendants under Rule 55 for failure to serve a timely response[,]" or, alternatively, "strike the response and direct proper service before allowing Defendant's pleading to stand[,]" (ECF No. 12, PageID.171 ¶¶ a, b).

However, Defendants appeared in this lawsuit when they timely responded to Plaintiff's complaint by filing their motion to dismiss on April 7, 2025 (ECF No. 7), even if it was filed at 9:28 p.m., and they promptly served Plaintiff via two

5

methods on April 8, 2025 (*see* ECF No. 9; *see also* ECF No. 16). Thus, they have not "failed to plead or otherwise defend" as required by Rule 55(a), and Plaintiff is not entitled to default against them. Indeed, on April 9, 2025, the Clerk of the Court denied Plaintiff's April 8, request for Clerk's entry of default (ECF No. 14), due to Defendants' April 7, 2025 motion to dismiss (ECF No. 7). (*See* ECF No. 15.)

Accordingly, Plaintiff's Rule 55(a) motion for entry of default (ECF No. 12) is **DENIED**.

### 3. Plaintiff's Fed. R. Civ. P. 55(b) motion for default judgment (ECF No. 13)

A magistrate judge has authority to deny a motion for a default judgment. *See Farrell v. US Bank Nat'l Ass'n,* No. 14-cv-11781, 2014 WL 12658841 (E.D. Mich. Aug. 8, 2014) (Murphy, J.) (affirming magistrate judge's denial of motion for default judgment on general pretrial referral where "entry of default judgment was procedurally inappropriate because the clerk denied Farrell's request for entry of default."); *Williams v. Grand Rapids Public Library*, 1:06-cv-635, 2006 WL 3299772, at *2 (W.D. Mich. Nov. 14, 2006) ("the magistrate judge treated the application for entry of a default judgment as an application for the entry of a default pursuant to Rule 55(a). This was eminently correct, as a motion for default judgment is out of order unless and until a default has been entered under Rule 55(a)."). A default judgment would be improper against these Defendants. Fed. R.

6

Civ. P. 55 requires the proponent of a motion for default judgment to first obtain a clerk's entry of default. Fed. R. Civ. P. 55(a). *See Ramada Franchise Sys.*, 220 F.R.D. at 305 ("Entry of a default ... is a prerequisite to entry of a default judgment under Rule 55(b)"); *see also* E.D. Mich. LR 55.2(d) (requiring an affidavit containing a "statement that a default has been entered" before a default judgment may be pursued). As noted above, default has not been entered.

Accordingly, Plaintiff's Rule 55(b) motion for default judgment (ECF No. 13) is **DENIED**.

**IT IS SO ORDERED.**[2]


Dated: April 10, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).